OPINION OF THE COURT
Thomas D. Nolan, Jr., J.
The petition of the Society for the Prevention of Cruelty to Animals of Upstate, New York, Inc. for court approval, pursuant to Not-For-Profit Corporation Law § 510 (a) (3), for the sale of *645 certain real property for a price not less than $650,000 is denied, without costs and without prejudice.
Petitioner owns 3.54 acres of real property on Queensbury Avenue in the Town of Kingsbury, Washington County, on which a 15,000-square-foot commercial building is located and at which petitioner operates an animal shelter. On July 28, 2003, petitioner’s board of directors adopted a resolution authorizing that the property be sold, at auction, by a designated auctioneer, for a price not less than $650,000. By order to show cause and verified petition, petitioner seeks court approval of the sale plan. The Attorney General of the State of New York opposes the petition principally on the ground that there is nothing for the court to approve unless and until a valid, binding agreement for sale has been obtained. Petitioner counters that neither section 510 nor section 511 of the Not-For-Profit Corporation Law expressly requires that a binding contract be in existence before court approval of a contemplated sale is secured.
The primary purpose for requiring that not-for-profit corporations secure court approval before assets are sold is to insure that the consideration to be received and the terms of the sale are fair and reasonable. (N-PCL 511 [a] [6].) Crucial to the making of such determination is the requirement that “the consideration to be received” be disclosed to the court. (N-PCL 511 [a] [5].) The petition now sub judice does not and cannot make such a disclosure because a definite purchase offer has not been made and there, of course, is no identified price which a purchaser has agreed to pay. The court cannot ascertain whether the $650,000 minimum price set by the board constitutes fair and reasonable consideration. The court cannot and should not approve a sale which at this time is nothing but a “hoped for” sale. This result comports with the historical reluctance of courts to render “advisory opinions.” Once a firm contract for sale is secured, be it from an auction or other traditional sales method, petitioner may reapply to the court for approval.